%AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

17 APR 26 PM 2: 36

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ 7m___ DEPUTY

UNITED STATES OF AMERICA

v.

Kristoffer Umali Macalma -7

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 16-cr-00875-JAH-7

David J Zugman
Defendant's Attorney

**REGISTRATION NO.** 52349298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One and two of the Superseding Information.
☐ was found guilty on count(s) _____
    after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 21:841 | Possession of Methamphetamine with Intent to Distribute | 1 |
| 18:922(g)(1); | Felon in Possession of a Firearm | 2 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s)
☒ Count(s) remaining _____ is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $100.00 as to each count.

☒ No fine       ☒ Forfeiture pursuant to order ___4/24/17___, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

April 24, 2017
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

16-cr-00875-JAH-7

DEFENDANT: Kristoffer Umali Macalma -7  
CASE NUMBER: 16-cr-00875-JAH-7

Judgment — Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of  
Ct 1s: 110 months  
Ct 2s: 110 months, concurrent to count one.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:  
The Court recommends the Residential Drug Abuse Program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:  
☐ at _____ ☐ a.m. ☐ p.m. on _____ .  
as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:  
☐ before _____  
☐ as notified by the United States Marshal.  
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____  
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

16-cr-00875-JAH-7

DEFENDANT: Kristoffer Umali Macalma -7
CASE NUMBER: 16-cr-00875-JAH-7

Judgment —Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Three years concurrent as to counts 1s and 2s.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Kristoffer Umali Macalma -7  
CASE NUMBER: 16-cr-00875-JAH-7

Judgment - Page 4 of 4

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☒ Reside in a residential drug treatment program as directed.

☐ Resolve all outstanding warrants within _____ days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☒ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days.

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ Shall not associate with any member, prospect, or associate of the (State Side Islanders), or any other known gang, or club with a history of criminal activity, unless given permission by the probation officer.

Shall not wear or possess any paraphernalia, insignia, clothing, photographs, or any other materials associated with a known gang, unless given permission by the probation officer.

Shall not loiter, or be present in locations known to be areas where known gang members congregate, unless given permission by the probation officer.

FILED

17 APR 25 AM 8:47

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: NFL          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16cr0875-JAH |
|---|---|
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| KRISTOFFER UMALI MACALMA (7), aka Buddha, | |
| Defendant. | |

WHEREAS, in the Second Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of Defendant KRISTOFFER UMALI MACALMA (7) ("Defendant"), pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), as properties involved in the violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 922(g)(1), as charged in the Second Superseding Information; and

WHEREAS, on or about November 8, 2016, Defendant pled guilty before Magistrate Judge Nita L. Stormes to Counts 1 and 2 of the Second Superseding Information, which pleas included consents to the forfeiture allegations of the Second Superseding Information, including forfeiture of the following:

//

1  a) One Springfield XD .40 caliber handgun, bearing serial number US436842;
2  
3  b) One Glock 9mm handgun, bearing serial number XNC482;
4  c) One AR-15 .223 caliber rifle bearing serial number cbc060570;
5  d) One Marlin rifle .22 caliber bearing serial number mm40532; and
6  e) 55 rounds of ammunition; and

7  WHEREAS, on December 2, 2016 this Court accepted the guilty plea of
8  Defendant; and

9  WHEREAS, by virtue of the facts set forth in the plea agreement, the
10 United States has established the requisite nexus between the forfeited properties and
11 the offense; and

12 WHEREAS, the properties are currently in the custody of the San Diego Police
13 Department; and

14 WHEREAS, the United States, having submitted the Order herein to the
15 Defendant through his attorney of record, to review, and no objections having been
16 received;

17 Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
18 1. Based upon the guilty plea of the Defendant, all right, title and interest of
19 Defendant KRISTOFFER UMALI MACALMA (7) in the following properties, which
20 are currently in the custody of the San Diego Police Department, are hereby forfeited
21 to the United States. The Court orders that the San Diego Police Department shall
22 dispose of these forfeited assets according to law, when no longer needed for evidence:
23  a) One Springfield XD .40 caliber handgun, bearing serial number US436842;
24  
25  b) One Glock 9mm handgun, bearing serial number XNC482;
26  c) One AR-15 .223 caliber rifle bearing serial number cbc060570;
27  //
28  d) One Marlin rifle .22 caliber bearing serial number mm40532; and

- 2 -
16cr0875

  e)  55 rounds of ammunition.

2.  No ancillary proceedings or further forfeiture action is required as to Defendant KRISTOFFER UMALI MACALMA (7) in this criminal case.

DATED: 4/24/17

JOHN A. HOUSTON, Judge
United States District Court